1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF NEVADA**
8
9    KRISTOPHER MICHAEL ZIMMERMAN,
10          Petitioner,                    Case No. 3:15-cv-00454-HDM-WGC
11   vs.                                   **ORDER**
12   ISIDRO BACA, et al.,
13          Respondents.
14
15          Before the court are the first amended petition for writ of habeas corpus (ECF No. 15),
16   respondents' motion to dismiss (ECF No. 23), petitioner's opposition (ECF No. 29), and
17   respondents' reply (ECF No. 30).  The court is persuaded that ground 1 is not addressable in federal
18   habeas corpus, and it grants the motion to dismiss in part on that issue alone.
19          In the state district court, petitioner was charged with one count of sexual assault.
20   Petitioner's Ex. 7 (ECF No. 16-7).  Petitioner moved to dismiss on three grounds.  First, he argued
21   that no court had jurisdiction over him because he committed the crime while he was a juvenile but
22   was not identified and charged until after he had turned 21 and thus was outside of the juvenile
23   court's jurisdiction.  Second, he argued that the application of Nev. Rev. Stat. § 62B.330(3)(e)(2)
24   was an ex post facto violation.[1]  Third, he argued that the delay between identification of him as the
25   assailant and the filing of charges was a due process violation.  Petitioner's Ex. 10 (ECF No. 16-10).
26   _____
27          [1]Nev. Rev. Stat. § 62B.330(3)(e)(2) provides that a person who is 16 or 17, who commits a
     category A or B felony, which includes sexual assault, and who is not identified as the perpetrator
28   until after he turns 21, is not within the jurisdiction of the juvenile court.  Instead, that person is
     tried as an adult.

1   The state district court denied the motion to dismiss. Petitioner's Ex. 12 (ECF No. 16-12).

2   Petitioner then agreed to plead guilty to attempted sexual assault. Petitioner's Ex. 15 (ECF No. 16-

3   15). Petitioner, the prosecution, and the judge agreed that petitioner would be able to appeal the

4   issues that were raised on direct appeal. Petitioner's Ex. 17 (ECF No. 16-17).

5          Petitioner, represented by different counsel, did appeal. He raised the first two issues,

6   jurisdiction and ex post facto violation, but he did not raise the third issue, excessive delay before

7   being charged.[2] Petitioner's Ex. 28 (ECF No. 17-7). Before briefing had concluded, the Nevada

8   Supreme Court answered both of these questions in favor of the prosecution. State v. Barren, 279

9   P.3d 182 (Nev. 2012). Petitioner tried to consolidate his appeal with a rehearing in Barren.

10  Petitioner's Ex. 30 (ECF No. 17-9). The Nevada Supreme Court denied that request. Petitioner's

11  Ex. 31 (ECF No. 17-10). Petitioner then argued in his own appeal that Barren was incorrect.

12  Petitioner's Ex. 32 (ECF No. 17-11). The Nevada Supreme Court declined to revisit Barren and

13  affirmed the judgment of conviction. Ex. 33 (ECF No. 17-12).

14         Petitioner then filed a post-conviction habeas corpus petition in the state district court.

15  Petitioner's Ex. 36 (ECF No. 17-15). The state district court denied the petition. Petitioner's Ex. 42

16  (ECF No. 17-21). Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner's Ex. 54

17  (ECF No. 18-3).

18         Petitioner then commenced this action. The court appointed counsel, who filed the first

19  amended petition. Respondents then filed their motion to dismiss.

20         Respondents first argue that ground 1 is not addressable in federal habeas corpus. Ground 1

21  is a claim that the state court that presided over his case lacked jurisdiction. The Nevada Supreme

22  Court found under state law that the state district court did have jurisdiction. Petitioner's Ex. 33, at

23  1-3 (ECF No. 17-12, at 2-4). "Whether the court lacked jurisdiction is a matter of state law that has

24  been resolved against [petitioner] in state court. This court is bound by a state court's interpretation

25

26  _____

27         [2]Petitioner's ex post facto argument relied upon an assumption that the period of limitation
    for sexual assault already had expired. Petitioner assumed incorrectly. No period of limitation
28  existed, let alone expired, because the victim filed a report with police during what would have been
    the period of limitation. See Nev. Rev. Stat. § 171.083(1).

1  of state law." Jones v. Attorney General of California, 280 Fed. Appx. 646, 647 (9th Cir. 2008)

2  (citing Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004)).  Ground 1 is not addressable in

3  federal habeas corpus.

4        Respondents next argue that petitioner has not exhausted his available state-court remedies

5  for grounds 1 and 3.  Before a federal court may consider a petition for a writ of habeas corpus, the

6  petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a

7  ground for relief, a petitioner must fairly present that ground to the state's highest court, describing

8  the operative facts and legal theory, and give that court the opportunity to address and resolve the

9  ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

10  U.S. 4, 6 (1982).

11        "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

12  remedies only if he characterized the claims he raised in state proceedings specifically as federal

13  claims.  In short, the petitioner must have either referenced specific provisions of the federal

14  constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

15  2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

16  applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158

17  (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

18  insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

19  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

20  exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

21        The exhaustion of ground 1 is moot because the court has found that ground 1 is not

22  addressable in federal habeas corpus, but ground 1 is exhausted.  Petitioner did state on direct appeal

23  that a prosecution where the state court lacks jurisdiction is a violation of the Fourteenth

24  Amendment.  Petitioner's Ex. 28, at 9 (ECF No. 17-7, at 10).

25        Ground 3 is a claim that the five years between identification of petitioner as the assailant

26  and arrest violates due process.  This was one of the issues in petitioner's motion to dismiss the

27  charges against him.  Petitioner's Ex. 10, at 15-23 (ECF No. 16-10, at 16-24).  Petitioner retained

28  the ability to raise this issue on direct appeal, but he failed to do so.  Petitioner raised the issue again

-3-

1    in ground 1 of the state post-conviction petition. Ex. 36, at 8-13 (ECF No. 17-15, at 9-14).  In the

2    appeal from the denial of that petition, petitioner presented two issues.  The headings were:

3           1.      Trial and appellate counsel were ineffective for failing to move the court to dismiss
        Mr. Zimmerman's case for an excessive pre-indictment delay in violation of Mr.
4        Zimmerman's 5th & 14th Amendments and Nevada constitutional rights.

5           2.      Trial and appellate counsel were ineffective for failing to move the court to dismiss
        Mr. Zimmerman's case for an excessive pre-indictment delay in violation of Mr.
6        Zimmerman's 5th & 14th Amendments and Nevada constitutional rights.

7    Ex. 47, at 7, 13 (ECF No. 17-26, at 8, 14).  The headings were exactly the same.  However, the

8    arguments were not.  Issue 1 on appeal from the denial of the state post-conviction petition actually

9    was a constitutional claim that the pre-arrest delay was excessive.  Despite the error in the heading,

10   petitioner did present to the Nevada Supreme Court and the Nevada Court of Appeals the issue that

11   he now presents in ground 3.  Ground 3 is exhausted.

12          Next, respondents argue that petitioner's guilty plea has barred this court from considering

13   grounds 2, 3, and 4.

14          [A] guilty plea represents a break in the chain of events which has preceded it in the criminal
        process. When a criminal defendant has solemnly admitted in open court that he is in fact
15       guilty of the offense with which he is charged, he may not thereafter raise independent
        claims relating to the deprivation of constitutional rights that occurred prior to the entry of
16       the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea
        by showing that the advice he received from counsel was not within the standards set forth in
17       [McMann v. Richardson, 397 U.S. 759 (1970)].

18   Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Ground 2 is a claim that the application of Nev.

19   Rev. Stat. § 62B.330(3)(e)(2) was an ex post facto violation.  Ground 3 is a claim that the five years

20   between identification of petitioner as the assailant and arrest violates due process.  Ground 4 is a

21   claim that appellate counsel provided ineffective assistance because he did not raise on appeal the

22   issue now alleged in ground 3.  Grounds 2 and 3 are not barred by Henderson because the plea was

23   conditioned on petitioner being able to raise those issues on direct appeal.  Petitioner then could

24   raise the claims in federal habeas corpus.  Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975).  See

25   also Journigan v. Duffy, 552 F.2d 283 (9th Cir. 1977).  Ground 4 is a claim of a constitutional

26   violation that occurred after petitioner entered his guilty plea.  Henderson does not apply to this

27   claim.

28

                                          -4-

1    Respondents have filed a motion for waiver of compliance with LR IA 10-3 (ECF No. 28).

2  The court grants this motion.

3    Petitioner has filed a motion for leave to file surreply (ECF No. 31), and respondents have

4  filed a motion for leave to file response to surreply (ECF No. 33).  The proposed pleadings contain

5  arguments that the court's rulings on grounds 2, 3, and 4 have made moot.

6    IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 23) is

7  **GRANTED** in part.  Ground 1 is **DISMISSED** from this action.

8    IT IS FURTHER ORDERED that respondents' motion for waiver of compliance with LR IA

9  10-3 (ECF No. 28) is **GRANTED**.

10    IT IS FURTHER ORDERED that petitioner's motion for leave to file surreply (ECF No. 31)

11  and respondents' motion for leave to file response to surreply (ECF No. 33) are **DENIED** as moot.

12    IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date

13  of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules

14  Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five

15  (45) days from the date on which the answer is served to file a reply.

16    DATED: July 25, 2017.

17

18  _____

19  HOWARD D. MCKIBBEN
   United States District Judge

20

21

22

23

24

25

26

27

28